defender, but the attorney who tried the case failed to obtain it. *Id.* at 747. The *motion court* found that the counsel's action was not trial strategy and granted a new trial. *Id.* at 748. On the appeal by the state, Judge Blackmar, speaking for our Supreme Court, stated:

> It certainly cannot be said that the trial judge overlooked *Strickland.* His findings show that he was quite aware of the *Strickland* test and purported to apply it. The defendant's trial counsel, in her cross-examination, asserted considerations of trial strategy in not obtaining the letter, but the judge said pointedly that he did not believe her explanation. He considered the letter an important piece of evidence which any capable lawyer would like to have, and observed that she could have tried to get it. . . .

> The state simply argues that the trial judge made the wrong call on the facts. But we have often observed that the trial judge is in a better position to ascertain the possible effect of the impeaching letter than we are. . . . It is also important that the same judge presided at the trial and at the 29.15 hearing, and was thus better equipped to assess the strengths and possible weaknesses of the prosecution's case. . . . We are not disposed to depart from our usual practice, so as to substitute our factual conclusions for his carefully considered determinations.

As in *Wells,* the motion court judge here was the same judge that presided over the trial. Following *Wells,* we strongly rely upon the motion court's determination and conclude that defendant was not prejudiced by defense counsel's failure to call Steven Harris at trial.[3]

██ Defendant also asserts defense counsel was ineffective for failing to cross-examine Bell about an unnotarized letter in which Bell claimed that he fabricated his implication of defendant. He further contends that he was prejudiced by defense counsel's failure to object to repeated testimony that defendant participated with Buck and Bell in the robbery of the Sikeston Wal-Mart. At the evidentiary hearing, defense counsel explained that she strategically chose not to present the letter because she doubted its authenticity. Defense counsel also recalled that she did not repeatedly object to Officer's Gee's testimony about defendant's involvement in the Sikeston Wal-Mart robbery:

> My feeling at the time, you know, this officer is making what I considered not—I don't want to say they were subtle references to the New Madrid case, but they were not blatant either. I mean he was very skillful in, you know, trying to sneak some of the references in. . . . I just didn't want to blow the whole thing up in front of the jury; want to alert the jury that I felt this is harmful evidence.

The law is well settled that trial strategy does not provide a basis for an attack on the effectiveness of trial counsel. *Lashley v. State,* 721 S.W.2d 31, 34 (Mo.App.1986). The motion court's finding that movant failed to establish prejudice is not clearly erroneous.

Judgment affirmed.

KAROHL and DOWD, JJ., concur.

Elizabeth VAN UUM,
Plaintiff/Respondent,

v.

AUTO ALARM SUPPLY
CORPORATION, Defendant/Appellant.

No. 67354.

Missouri Court of Appeals,
Eastern District,
Division Five.

Jan. 16, 1996.

---

**3.** Jones, Daniels, and Stevens did not testify at the evidentiary hearing. The motion court is not required to believe defendant as to what they would have said. *Tubbs v. State,* 745 S.W.2d 739, 740 (Mo.App.1987), *State v. Vega,* 875 S.W.2d 216, 220 (Mo.App.E.D.1994). Thus, the motion court's finding that defendant failed to prove he was prejudiced by defense counsel's failure to call Jones, Daniels, or Stevens is not clearly erroneous.

Blair K. Drazic, Creve Coeur, for appellant.

Stanley Schechter, St. Louis, for respondent.

Before CRANE, C.J., SIMON, J., and CHARLES B. BLACKMAR, Senior Judge.

### ORDER

PER CURIAM.

The trial court's judgment of $311.15 is affirmed in accordance with Rule 84.16(b).

∎

**STATE of Missouri, Respondent,**

v.

**Kevin JACKSON, Appellant.**

**Kevin JACKSON, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

Nos. 65244, 67427.

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 16, 1996.

Raymund J. Capelovitch, Asst. Public Defender, St. Louis, for Appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Michelle D. Voss, Assistant Attorney General, Jefferson City, for Respondent.

Before REINHARD, P.J., and CRANDALL and KAROHL, JJ.

### ORDER

PER CURIAM.

Kevin Jackson's consolidated appeals follow jury trial, conviction and sentence on the charge of murder in the second degree and denial of Rule 29.15 post conviction relief.

Jackson's appeal of denial of post conviction relief after an evidentiary hearing has been abandoned because no issues have been briefed or argued.

The only issue on direct appeal is reviewed on plain error under Rule 30.20. He challenges a comment made during the state's closing argument that the trial was concluding two days short of the second anniversary of the death of the victim. We find the comment was justified and consistent with the evidence. It was not unduly prejudicial or inflammatory. A declaration of a mistrial sua sponte would have been inappropriate.

The judgment and sentence on the charge of murder second degree is affirmed. Rule 30.25(b). The appeal from denial of post conviction relief is dismissed.

∎

**STATE of Missouri, Respondent,**

v.

**Daniel BROTHERS, Appellant.**

No. 67504.

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 16, 1996.

Gary E. Brotherton, Office of the State Public Defender, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Attorney General, William J. Bryan, Assistant Attorney General, Jefferson City, for Respondent.

Before KAROHL, Acting P.J., and PUDLOWSKI and CRANDALL, JJ.